UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2025 MAY 27 AM 10: 26

JANE DOE,
Pro Se Plaintiff,

v.

**25CV 4422**

**FRIENDSHIP PLACE,**
**CHRIS PITOCICHELLI,** in her individual capacity as Division Director of Veterans First,
**LINDSEY MILLER,** in her individual capacity as Assistant Director,
**REBECCA COHEN,** in her individual capacity,
**JONATHAN WHITTED,** in his individual capacity as Vice President of Regional Programs,
**JEAN-MICHEL GIRAUD,** in his individual capacity as CEO of Friendship Place,
**PHILADELPHIA INSURANCE COMPANIES (PHLY),** as insurer and funding actor,
**SAHIRAH HOBES,** in her individual capacity as SSVF Regional Coordinator, Department of Veterans Affairs,

Defendants.

Civil Action No. _____
Filed Under: 950 – Constitutionality of Federal Programs and Civil Rights Enforcement

---

**COMPLAINT FOR DISABILITY DISCRIMINATION, RETALIATION, DUE PROCESS VIOLATIONS, AND EXTRAORDINARY RELIEF UNDER THE ALL WRITS ACT AND FEDERAL CIVIL RIGHTS LAW**

*Brought pursuant to 42 U.S.C. §§ 1983, 12132, 12203, 794, and 3617; 28 U.S.C. §§ 1331 and 1651 (All Writs Act); and the Fourteenth Amendment to the United States Constitution*

---

## I. INTRODUCTION

Plaintiff is a post-9/11 veteran who deployed to Iraq during the height of the war's violence, serving in one of the most dangerous operational periods in recent U.S. military history; who brings this action against Friendship Place and key actors under its funding and oversight structure for unlawful retaliation, denial of disability accommodations, and coordinated misuse of federally funded authority to suppress her civil rights.

The named individuals carried out or enabled targeted acts of erasure, humiliation, and removal from life-sustaining housing support programs under the guise of administrative discretion, while concealing internal coordination, misrepresenting Plaintiff's protected disclosures, and manipulating the federal record.

Defendants did not merely withhold services—they constructed a retaliatory narrative, timed their filings to undercut Plaintiff's litigation, and used federal funding streams to shield their misconduct from scrutiny.

This case centers on the unlawful manipulation of eligibility and funding criteria to deny Plaintiff extended rental assistance, misrepresent her household income, and remove her from services in direct retaliation for protected activity.

Plaintiff seeks redress not only for the violations committed against her and her family, but to preserve the legal record and ensure accountability for all federally funded actors entrusted with housing and disability service provision. Due to systemic obstruction and unresolved retaliation in the District of Columbia, Maryland, and Virginia, Plaintiff invokes the All Writs Act and seeks emergency judicial protection and jurisdictional preservation in this District.

---

## II. STATEMENT OF THE CASE

This action arises from the unlawful denial of housing assistance, refusal to provide disability accommodations, and retaliatory removal of a disabled veteran and her family from federally funded services under the Supportive Services for Veteran Families (SSVF) program. Plaintiff is a Black, post-9/11 disabled veteran and caregiver who lawfully received six months of rental assistance through Defendant Friendship Place. However, three of those months were used to pay back rent (arrears), leaving Plaintiff with only three months of active forward-facing support.

When Plaintiff requested **extended rental assistance as a disability-related accommodation**, due to her medical separation from VA care and the resulting financial burden, Defendants **refused**. Instead, they **counted VA disability benefits paid to Plaintiff and her husband** as disqualifying income, and claimed they were bound by "VA rules" that prohibited any further support. Plaintiff explained that the household income could not be voluntarily adjusted, as it was fixed disability compensation, and that the SSVF Handbook and federal regulations **require federal policy to control where VA guidance conflicts.**

Despite this, Defendants denied her request and removed her from the program. This constituted both **discrimination and retaliation** under the ADA and Rehabilitation Act. It also violated federal income exclusion laws under **38 C.F.R. § 62.21(e)** and **24 C.F.R. § 5.609(d)**, which bar the use of VA Aid & Attendance and disability hardship funds in eligibility calculations. Plaintiff's removal was timed to

coincide with active litigation and administrative review, cutting off critical housing support and suppressing her ability to pursue legal remedies.

Multiple courts—including in Maryland, Virginia, and the District of Columbia—have failed to halt the ongoing retaliation. Further, the U.S. Supreme Court Clerk's Office mishandled Plaintiff's Rule 22 Application by rejecting emergency filings without docketing or transmission. In light of these systemic procedural breakdowns, Plaintiff now invokes this Court's authority under the **All Writs Act, 28 U.S.C. § 1651**, to preserve jurisdiction, stop retaliation, and restore access to justice.

---

## III. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and under the Americans with Disabilities Act (42 U.S.C. § 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the Fair Housing Act (42 U.S.C. § 3617), and 42 U.S.C. § 1983.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the All Writs Act, 28 U.S.C. § 1651, because Plaintiff is seeking emergency judicial protection from an ongoing pattern of retaliation, procedural obstruction, and coordinated misconduct occurring across federal courts in the District of Columbia, Maryland, and Virginia. Plaintiff is not domiciled in this jurisdiction, but seeks temporary access to this forum under extraordinary constitutional threat, where active appeals have failed to secure relief and the courts of origin have become structurally compromised.

Plaintiff has fled active retaliation and has sought emergency protection, medical refuge, and court access in this District due to the continuing pattern of discrimination, obstruction, and coordinated administrative harm occurring under federal authority. This includes the United States Supreme Court's mishandling of Plaintiff's Emergency Rule 22 Application. Clerk Robert Meek returned the filing without transmission to a Justice, violating Supreme Court Rule 22(b), while Clerk Kyle Ratliff returned a second submission in a visibly damaged envelope without docketing or acknowledgment. These acts reflect institutional collapse and necessitate intervention in this forum.

Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court has the authority to preserve its jurisdiction and intervene where other judicial bodies have failed to provide adequate process or constitutional protection. Plaintiff requests extraordinary jurisdiction to prevent further irreparable harm, including retaliation, obstruction, and deprivation of fundamental rights.

Plaintiff further invokes this Court's equitable power to resolve violations squarely within its reach and to preserve the viability of appellate matters pending in other circuits. This action is not duplicative but seeks to stop continuing harm, restore access, and supplement active constitutional review.

---

## IV. PARTIES AND FACTUAL ALLEGATIONS

**1. Plaintiff Jane Doe** is a Black, post-9/11 disabled veteran, caregiver, and survivor of military sexual trauma. She is a mother of five, displaced due to coordinated acts of discrimination and retaliation carried out under color of federal funding and VA oversight. She brings this action pro se to preserve her rights, seek relief for continuing harms, and halt further abuse of the federal housing system.

**2. Defendant FRIENDSHIP PLACE** is a nonprofit entity headquartered in Washington, D.C., and a grantee of the Department of Veterans Affairs under the Supportive Services for Veteran Families (SSVF) program. It receives federal funding and is subject to the requirements of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the Fair Housing Act. Its housing division, Veterans First, operates under the Friendship Place umbrella and is located at **1020 North Fairfax Street, Alexandria, VA 22314.**

**3. Defendant CHRIS PITOCICHELLI** is the Division Director of Veterans First at Friendship Place, located at **1020 North Fairfax Street, Alexandria, VA 22314.** She was named in Plaintiff's November 25, 2024 grievance for racially charged and discriminatory comments including "It's because I'm white," "We are all human," and "You're being unfair." She orchestrated Plaintiff's removal from housing services during active legal proceedings, in violation of 42 U.S.C. § 12203 and 38 C.F.R. § 62.80.

**4. Defendant LINDSEY MILLER** is the Assistant Director of Veterans First. When Plaintiff disclosed suicidal ideation and requested crisis support, Miller responded only that Plaintiff would be in her prayers and took no further action. This violated her duty to respond under 28 C.F.R. § 35.130(b)(7), 38 C.F.R. § 62.33, and 42 U.S.C. § 12203.

**5. Defendant REBECCA COHEN** denied Plaintiff's disability-related documentation, including hardship declarations, child care burdens, and Aid & Attendance benefit exclusions. She improperly included VA disability pay in income calculations, violating 38 C.F.R. § 62.21(e), 24 C.F.R. § 5.609(d), and the federal mandate to apply exclusions fairly to ensure program access.

**6. Defendant JONATHAN WHITTED** is the Vice President of Regional Programs for Friendship Place. He withheld VA-issued memoranda clarifying policy on income exclusions and failed to correct false statements made in court filings. His silence and inaction furthered the internal retaliatory scheme.

**7. Defendant JEAN-MICHEL GIRAUD** is the CEO of Friendship Place. He was copied on nearly every internal communication involving Plaintiff's harm and failed to investigate or intervene. Under OMB Circular A-123 and his federal oversight duties, he was required to act but allowed retaliation to proceed unchecked.

**8. Defendant PHILADELPHIA INSURANCE COMPANIES (PHLY)** is the liability insurer for Friendship Place. Despite receiving notice of active civil rights violations on April 16, 2025, PHLY failed to disclose

its role to the court, failed to intervene, and allowed Document 6 to be filed the next day—an act that erased trauma from the record and compounded constitutional harm. PHLY is liable under 42 U.S.C. § 1983 for enabling retaliation and harm under color of federal contract.

**9. Defendant SAHIRAH HOBES** is a Regional Coordinator for the VA's SSVF program and a federal employee. On March 11, 2025, she emailed Friendship Place staff authorizing Plaintiff's removal during pending litigation. She cited Plaintiff's suicide risk as justification and intervened without authorization or procedural safeguard. This conduct violated 5 U.S.C. § 2302(b), 42 U.S.C. § 12203, and 38 U.S.C. § 7332, and directly contributed to Plaintiff's forced displacement and deprivation of services.

## V. CAUSES OF ACTION

### Count I – Violation of the Americans with Disabilities Act (ADA), Title II – 42 U.S.C. § 12132

Defendants, acting under color of federally funded authority, excluded Plaintiff from participation in and denied the benefits of housing services on the basis of her disability. Defendants failed to provide reasonable modifications, intentionally misrepresented income eligibility standards, and used Plaintiff's documented disabilities to justify withdrawal from services, in violation of Title II of the ADA.

### Count II – Retaliation under the ADA – 42 U.S.C. § 12203

Defendants retaliated against Plaintiff after she asserted her rights under federal disability law. This retaliation included denial of services, removal during active litigation, and filings designed to discredit Plaintiff's protected activity. The ADA prohibits adverse action against individuals who engage in protected activity, including grievances, litigation, and accommodation requests.

### Count III – Disability Discrimination under Section 504 of the Rehabilitation Act – 29 U.S.C. § 794

Defendants denied Plaintiff meaningful access to federally funded housing and support services by refusing to accommodate disability-related needs, disregarding statutory income exclusions, and applying program rules in a manner that resulted in exclusion. Friendship Place and VA officials acted in violation of Section 504, which mandates equal access and prohibits discrimination on the basis of disability in any program receiving federal financial assistance.

### Count IV – Retaliation and Interference under the Fair Housing Act – 42 U.S.C. § 3617

Defendants interfered with and retaliated against Plaintiff's exercise of rights secured by the Fair Housing Act by denying housing-related services, mischaracterizing protected requests for modifications, and coordinating filings that omitted known injuries. These actions were taken with intent to discredit, isolate, and suppress a federally protected tenant.

### Count V – Deprivation of Rights under Color of Law – 42 U.S.C. § 1983

Defendants acted under color of federal contract, grant, and authority to deprive Plaintiff of constitutional rights including due process, equal protection, and access to court. Coordinated procedural retaliation, misrepresentation in legal filings, and suppression of grievance responses constituted a violation of § 1983.

**Count VI – Violation of Procedural Due Process – U.S. Constitution, Fourteenth Amendment**

Plaintiff was removed from housing services and subjected to reputational and legal harm without meaningful notice, opportunity to be heard, or neutral grievance review. Defendants coordinated her removal during pending litigation, failed to notify her of legal consequences, and bypassed basic procedural safeguards required by the Fourteenth Amendment.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the actions of Defendants violated Plaintiff's rights under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Fair Housing Act, 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution;

B. Enter a preliminary and permanent injunction barring Defendants from further retaliation, coordinated removals, or obstruction of federally protected services;

C. Order the restoration or preservation of Plaintiff's eligibility for any federally funded housing assistance, accommodations, or trauma-related services previously disrupted or denied;

D. Award compensatory damages in an amount to be determined at trial for emotional distress, psychological injury, housing instability, reputational harm, and deprivation of federally protected access;

E. Award punitive damages against individual Defendants for their personal involvement in the knowing violation of Plaintiff's constitutional and civil rights;

F. Grant costs of suit, including reasonable pro se litigation expenses and any other relief deemed just and proper by the Court;

G. Assert jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to preserve Plaintiff's access to court, prevent further retaliatory harm, and enjoin obstructive conduct in this and related actions pending before other federal tribunals;

H. Exercise emergency authority to adjudicate the violations outlined herein and preserve the integrity of appellate review in matters still pending in the Fourth Circuit, D.C. Circuit, and Supreme Court;

I. Grant any other relief necessary to restore procedural integrity, protect Plaintiff's constitutional rights, and prevent further abuse under color of federal contract or authority.

Respectfully submitted,
/s/ Jane Doe
Pro Se Plaintiff      27 may 2025